Modified.

In re McBRIDE et al.

Patent Appeal No. 5042.

Court of Customs and Patent Appeals.
June 25, 1945.

Rehearing Denied Sept. 26, 1945.

Everett E. Kent, of Boston, Mass., for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel) for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

Appellants here seek reversal of the decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of the single claim of appellants' application (serial No. 350,–

724) for patent captioned "for Knobs and Handles."

The claim reads: "34. A tap-name-knob mounting, for the handle-knob of a screw-threaded stem of a swinging tap-handle that swings about a horizontal axis, in which mounting a hand-grip knob having on one side a name-indicating face is combined with a mounting element which is screw-threaded for being set firmly on the stem; said knob having a firm-walled socket which with conical taper extends inward from the base surface of the knob to the interior of the knob; said mounting element being a firm-walled plug having conical external taper for fitting the taper of the socket so as to constitute a friction clutch; which said clutch holds the knob firmly fixed, as to the azimuth direction of facing of the name-indicating face, but holds the knob releasably by movement of the knob in the axial direction of the screw threads."

A succinct description of the device is stated in the brief of the Solicitor for the Patent Office as follows: "The application here involved * * * discloses a knob for controlling the tap by which a liquid such as a beverage is dispensed. The knob has a plate showing the kind of liquid dispensed and it is desirable that this plate shall face in the proper direction when the knob is applied to the tap stem. It is sometimes difficult to obtain this result if the knob is screwed directly onto the stem and the appellants therefore provide a threaded member having a tapered outer end, and adapted to be threaded onto the stem, while the knob is provided with a tapered recess having a frictional fit over the outer end of the member. The knob may thus be positioned so that the name plate faces in the desired direction and then applied by an axial thrust."

The claim was rejected as lacking invention over prior art, the following three patents being cited: Styan 1,547,463 July 28, 1925; MacLaury 2,078,865 Apr. 27, 1937; Fisher 2,137,668 Nov. 22, 1938.

Of these the Fisher patent is the basic reference. It discloses a tap knob having a name plate. It is provided with a recess having a threaded member fitted therein, which is screwed on the tap stem, the recess and threaded member seemingly being cylindrical, rather than tapered as in appellant's structure. So far as can be determined, the recess and threaded member are united frictionally—at least no other means for uniting them is shown.

The other patents relate to grips for handles such as the levers of automobile gear shifts and the like. Apparently they were cited as showing certain specific structural features deemed pertinent.

Styan shows a knob having a tapered recess into which is cemented a tapered member threaded so that it may be screwed onto the stem upon which the knob is mounted.

MacLaury also shows a knob with a tapered recess adapted to be frictionally fitted over a tapered end of a stem.

The board said, inter alia:

"The patent to Fisher appears to us to have the elements of applicants' combination. It is not entirely apparent from the Fisher disclosure whether the insert 9 is tapered but so far as disclosed, it appears to be connected to the knob by friction connection.

"The patents to Styan and MacLaury each show that it is old to connect a knob to a taper stem by an insert connected in one portion of the knob and in the other to the stem or by friction alone as in MacLaury. To merely make the insert 9 of Fisher of a tapered form to fit in the corresponding shape socket and friction connected to the knob as the corresponding stem of MacLaury is to his knob would not be considered to amount to a patentable improvement."

The brief of appellants' counsel has been carefully considered together with his oral argument presented at the hearing.

The claim is for a structure which embraces physical elements arranged in combination in the manner described in the specification and epitomized in the claim. The structure shown in the Fisher patent discloses a combination of physical elements in substantially the same arrangement. The only difference (and this is not a difference in arrangement, or combination) between the two is that Fisher shows two features (the knob socket and the threaded end member) cylindrical while appellants show them tapered.

We quote the following from appellants' brief, so that their contention relative to the Fisher patent may be stated in their own way:

"Fisher has no friction clutch; has no taper joint that might be operated as a clutch; and the specification says nothing

about the connection between the molded knob 7, 8, and its threaded metallic insert 9. There is no suggestion that they are disconnectible. It says nothing as to how the orientation of the face-side is attained, but it assumes that there will be orientation of the name plate toward the customer * * *:

" 'With the knob placed on the stem of the tap valve plate 14 will be disposed toward the front of the counter so that the indicia or trade-mark thereon will be in full view of the customer.'

"Obviously, the disposing of the indicia toward the front of the counter would be done in the prevalent way * * *."

That the cylindrical parts in Fisher could be tapered without modifying any other of the parts is obvious, and we are unable to discern wherein it required exercise of any inventive faculty to taper them, particularly in view of the tapered parts shown in the other references.

No unexpected result was obtained by the modification.

The following from the brief of the Solicitor for the Patent Office expresses what we conceive to be the correct view upon the only material issue involved: "The result relied on by the appellant is simply that, after the threaded member is screwed tightly onto the stem, the knob may be moved axially onto it with the name plate in the desired position. This capability, however, is inherent in the Fisher device. It is apparent that the insert 9 and the knob are assembled by axial movement and that, when assembled, they have a tight friction fit. These parts, therefore, constitute a friction clutch, and since the knob was applied by axial movement, it is evidently removable in the same way, there being nothing more to prevent such removal than there was to prevent the original assembly. Whether or not Fisher contemplated this method of assembly is immaterial * * *."

The decision of the board is affirmed.

Affirmed.